UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RONALD K. LINDE, MAXINE H. LINDE, THE RONALD AND MAXINE LINDE FOUNDATION, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

FIFTH STREET ASSET MANAGEMENT INC., LEONARD M. TANNENBAUM, BERNARD D. BERMAN, ALEXANDER C. FRANK, STEVEN M. NOREIKA, WAYNE COOPER, MARK J. GORDON, THOMAS L. HARRISON and FRANK C. MEYER,

Defendants.

Case No. 1:16-cv-01941-LAK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-25-19

**~~[PROPOSED]~~ ORDER GRANTING PLAINTIFFS' MOTION FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUND**

Lead Plaintiffs moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Adam D. Walter in Support of Plaintiffs' Motion for Authorization to Distribution Net Settlement Fund (the "Walter Declaration" or "Walter Decl."):

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 27, 2016 (ECF No. 45-1) (the "Stipulation") and the Walter Declaration, and all terms used herein shall have the same meanings as set forth in the Stipulation or in the Walter Declaration.

Case 1:16-cv-01941-LAK Document 69 Filed 01/25/19 Page 2 of 6

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, the A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data" or "Claims Administrator"). to accept the Timely Eligible Claims set forth in Exhibit D to the Walter Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit E to the Walter Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject wholly ineligible Claims as set forth in Exhibit F to the Walter Declaration are adopted;

(c) A.B. Data is directed to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by the Court in this Order, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their *pro rata* share of the Net Settlement Fund, which is based on each Authorized Claimant's Recognized Loss as compared to the Total Recognized Claims of all Authorized Claimants as set forth paragraph 41 of the Walter Declaration (the "Distribution") and the Court-approved Plan of Allocation;

(d) In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "DEPOSIT PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION.";

(e) Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions set forth in paragraph 41(vi) or footnote 3 of the Walter Declaration shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be available to be re-distributed to other Authorized Claimants, if Lead Counsel, in consultation with A.B. Data, determine that it is cost effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted or on the conditions set forth in paragraph 40(vi) or footnote 3 of the Walter Declaration shall irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks (as set forth in paragraph 41(vi) and footnote 3 of the Walter Declaration), but no earlier than nine (6) months after the Distribution, A.B. Data shall, if Lead Counsel, in consultation with A.B. Data, determine that it is cost effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), in which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants in the Distribution who cashed their Distribution check and who would receive at least $10.00 from such re-distribution based on their *pro rata* share of the remaining funds. Additional re-distributions, after

Case 1:16-cv-01941-LAK Document 69 Filed 01/25/19 Page 4 of 6

deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter six-month intervals until Lead Counsel, in consultation with A.B. Data, determine that further re-distribution is not cost effective;

(g) At such time as Lead Counsel, in consultation with A.B. Data, determine that further re-distribution of the funds remaining in the Net Settlement Fund is not cost effective, if sufficient funds remain to warrant the processing of Claims received after November 1, 2018, such Claims shall be processed, and any otherwise valid Claims received after November 1, 2018 as well as any earlier received Claims for which an adjustment was received after November 1, 2018 that resulted in an increased Recognized Claim amount, shall be paid in accordance with subparagraph (h) below. If any funds shall remain in the Net Settlement Fund after the payment of any such late or late adjusted Claims, the remaining balance of the Net Settlement Fund, after the payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to Lead Plaintiffs' counsel's selection of The Legal Aid Society (a non-sectarian Internal Revenue Code Section 501(c)(3) charity) pursuant to the Stipulation;

(h) No new Proofs of Claim shall be accepted ~~after November 1, 2018~~, and no further adjustments to Proofs of Claims received on or before November 1, 2018 that would result in an increased recognized claim amount shall be made for any reason ~~after November 1, 2018~~, subject to the following exception. If Proofs of Claim are received or modified after November 1, 2018 that would have been eligible for payment or additional payment under the Plan of Allocation if timely received then, at the time that

Lead Counsel, in consultation with A.B. Data, determines that a re-distribution is not cost effective as provided in subparagraph (g) above, after the payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, such claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(i) ~~All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs claim submitted herein, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further Claims against the Net Settlement Fund, Lead Plaintiffs, Co-Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Co-Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Settlement beyond the amounts allocated to Authorized Claimants;~~

(j) All of A.B. Data's fees and expenses incurred in connection with the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Net Settlement Fund as set forth in the invoices attached as Exhibit G

to the Walter Declaration are approved, and Lead Counsel is directed to pay the outstanding balance of $ 199,469.56 out of the Settlement Fund to A.B. Data; and

(k) Unless otherwise ordered by the Court, one year after the Initial Distribution A.B. Data shall destroy the paper copies of the Proofs of claim and all supporting documentation and, one year after all funds have been distributed, A.B. Data shall destroy electronic copies of the same.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate. 5. The Clerk shall terminate DI 66.

LK – IT IS SO ORDERED.

DATED: Jan. 25, 2019

The Honorable Lewis A. Kaplan
United States District Judge

455451 1